UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

CURTIS JOHNSON,

    Plaintiff,

  v.                                         CASE NO.: 4:14-cv-204 (CDL)

MCCORLEW REALTY INC. a Georgia
Profit Corporation, and THOMAS J.
MCCORLEW, JR, individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CURTIS JOHNSON ("Plaintiff"), on behalf of himself by and through undersigned counsel, files this Complaint against Defendants, MCCORLEW REALTY, INC. ("MCCORLEW REALTY"), a Georgia Profit Corporation, and THOMAS J. MCCORLEW, JR. ("MCCORLEW, JR.") individually, (collectively "Defendants") and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq*., hereinafter called the "FLSA") to recover unpaid overtime wages, minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

4. Venue is proper in this Court because Plaintiff resides within the District,

Defendants maintain business operations within the District, and Plaintiff's claims accrued in this District.

## PARTIES

5. At all times material hereto, Plaintiff was, and continues to be a resident of Muscogee County, Georgia.

6. At all times material hereto MCCORLEW REALTY was a Georgia for Profit Corporation.

7. At all times material hereto, MCCORLEW REALTY was engaged in business in Georgia with a principle place of business in Columbus, Georgia.

8. At all times relevant to this action, MCCORLEW, JR. was an individual resident of the State of Georgia.

9. At all times relevant to this action, MCCORLEW, JR. owned and operated MCCORLEW REALTY.

10. At all times relevant to this action, MCCORLEW, JR. regularly exercised the authority to hire and fire employees of MCCORLEW REALTY.

11. At all times relevant to this action, MCCORLEW, JR. regularly exercised the authority to determine the work schedules for the employees of MCCORLEW REALTY.

12. At all times relevant to this action, MCCORLEW, JR. regularly exercised the authority to control the finances and operations.

13. MCCORLEW, JR. is an employer as defined by 29 U.S.C. 201, *et. seq*.

14. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, because he regularly engaged in interstate phone calls and other interstate communications as part of his duties for Defendants.

15. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

16. At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

17. Defendants were, and continue to be, "employer" within the meaning of FLSA. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

18. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

19. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

20. At all times material hereto, Defendants had two (2) or more employees who handled and/or used computers, telephones, printers, and other office equipment that was manufactured outside of the State of Georgia in the ordinary performance of their job duties for Defendants.

21. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

22. On or about August 14, 2005, Defendants hired Plaintiff to work as a non-exempt hourly maintenance employee.

23. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

24. From at least August 2005 and continuing through March 2014, Defendants

failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

25. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

26. Defendants have violated Title 29 U.S.C. §§ 206 and 207 from at least August 2005 and continuing through March 2014, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

    b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA;

    c. Defendants failed to pay Plaintiff at least minimum wage for all weeks Plaintiff worked for Defendants;

    d. Defendants impermissibly reduced Plaintiff's hourly rate to minimum wage for hours worked by Plaintiff in Plaintiff's final paycheck, and failed to pay Plaintiff his agreed upon regular rate of pay, after Plaintiff had already worked the hours in such pay period; and

    e. Defendants have failed to maintain proper time records as mandated by the FLSA.

27. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

28. Plaintiff realleges and reavers paragraphs 1 through 28 of the Complaint as if fully set forth herein.

29. From at least August 2005 and continuing through March 2014, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

30. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

31. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

32. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

33. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

34. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

35. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

36. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor

5

against Defendants:

    a.    Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

    b.    Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

    c.    Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e.    Awarding Plaintiff pre-judgment interest; and

    **f.**    Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 25th day of July, 2014.

        Respectfully submitted,

        **/s/ Andrew Frisch**
        Andrew Frisch
        GA Bar No.: 366105
        MORGAN & MORGAN, P.A.
        600 N. Pine Island Road, Suite 400
        Plantation, Fl. 33324
        Tel: 954-318-0268
        Fax: 954-327-3013
        E-mail: AFrisch@forthepeople.com

        **Trial Counsel for Plaintiff**